UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,  )
an individual,  )
  )  CASE NO.: 2:24-cv-61
     Plaintiff,  )
vs.  )
  )
1003 DEL PRADO ENTERPRISES LLC,  )
a Florida Limited Liability Company,  )
  )
     Defendant.  )
_____)

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues 1003 DEL PRADO ENTERPRISES LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant, 1003 DEL PRADO ENTERPRISES LLC, a Florida Limited Liability Company, (hereinafter referred to as "Defendant"), is registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements which are the subject of this action, to wit: JMS Towers Professional Building, generally located at 1003 Del Prado Blvd S, Cape Coral, FL 33990 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in Lee County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, which includes numerous medical and professional offices, is consequently a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein several times over the last year and plans to visit again in the near future. The Property is located about six (6) miles from Plaintiff's residence which takes approximately fifteen (15) minutes to reach by car.  Plaintiff has regular medical appointments at the Property and most recently visited in early January, 2024.

11. During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property and has ongoing medical treatment there but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered his access:

   A. Plaintiff personally encountered inaccessible parking designated for disabled use in the lot due to large built-up ramps which protrude into the access aisle of three (3) of the ADA parking spaces. This feature causes slopes well in excess of 1:48. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped and obstructed ground surface.

   B. Plaintiff personally encountered inaccessible parking designated for disabled use in the lot due to narrow parking space and access aisle widths. These conditions made it difficult and more dangerous for Plaintiff to load into and out of his vehicle.

   C. Plaintiff personally encountered two (2) inaccessible curb ramps leading from the ADA parking spaces to the Property sidewalk (same ramps as noted above) due to excessive running slopes, very steep side flare slopes and disrepair. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver onto the sidewalk via these ramps.

    D. Plaintiff personally encountered inaccessible sidewalks throughout the Property leading from the curb ramps to the main entrance due to excessive slopes along the route and a lack of handrails.  These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver over the sidewalks to the Property entrance.

15. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return for ongoing medical treatment, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable

attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A.    That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B.    That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

   E.  That this Court awards such other and further relief as it deems necessary, just and proper.

Date: January 17, 2024

             Respectfully Submitted,

             KU & MUSSMAN, P.A.
             18501 Pines Blvd, Suite 209-A
             Pembroke Pines, Florida 33029
             Tel: (305) 891-1322
             Fax: (954) 686-3976
             Louis@kumussman.com

             By: */s/ Louis I. Mussman*
             Louis I. Mussman, Esq. (Lead Counsel)
             (FL Bar # 597155)
             Brian T. Ku, Esq.
             (FL Bar #: 610461)